IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEAY A. DELLAVALLE-JONES, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No. 1:20-CV-288-SEB-MJD ) |
| XEROX CORPORATION and LYNNE MALONE, Individually and in her Official Capacity, | ) ) ) ) |
| Defendants. | ) ) |

**SECOND AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff Courtneay A. DellaValle-Jones, by counsel, for her Second Amended Complaint for Damages and Demand for Trial by Jury, states as follows:

**I. INTRODUCTION**

1.  This is an action brought by Courtneay A. DellaValle-Jones against Defendants Xerox Corporation and Lynne Malone, Individually and in her Official Capacity.

2.  Ms. DellaValle-Jones and Xerox Corporation had an employment relationship. Xerox violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 1981A ("Title VII) by discriminating against Ms. DellaValle-Jones on the basis of her disability, gender, and pregnancy, and retaliating against Ms. DellaValle-Jones after she filed for short-term disability stemming from her pregnancy. Defendants also violated the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"), by failing to designate Ms. DellaValle-Jones' leave as FMLA-qualifying leave.

Defendants acted deliberately and violated Ms. DellaValle-Jones' civil rights because of her disability, gender, and pregnancy.

## II. EEOC COMPLIANCE

3. Ms. DellaValle-Jones exhausted all of the administrative proceedings available to her by timely filing a Charge of Discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission ("EEOC").

4. Ms. DellaValle-Jones filed her initial Charge of Discrimination with the EEOC on or about January 23, 2019. A copy of Ms. DellaValle-Jones' Charge is attached hereto and marked as Exhibit 1.

5. Ms. DellaValle-Jones' Charge was timely filed in compliance with 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

6. Ms. DellaValle-Jones received a Dismissal and Notice of Rights on October 31, 2019, which was dated October 28, 2019. A true and accurate copy of the Dismissal and Notice of Rights is attached hereto and marked as Exhibit 2.

7. This action was timely filed within ninety (90) days of receipt by Ms. DellaValle-Jones of the Dismissal and Notice of Rights.

## III. JURISDICTION

8. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2617.

9. Jurisdiction to grant injunctive and declaratory equitable relief as well as to award damages is invoked pursuant to 42 U.S.C. § 12117.

10. The alleged discriminatory acts were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## IV.  VENUE

11. Ms. DellaValle-Jones is a resident of Henry County in the State of Indiana and is a citizen of the United States of America.

12. Defendant Xerox Corporation is a New York corporation with its principal place of business in Fairfield County, Connecticut.

13. Defendant Lynne Malone is the Vice President of Delivery at Xerox, and she resided in Fairlawn, Ohio at all times relevant to this action.

14. The discriminatory acts under the ADA, Title VII, and FMLA alleged below arose in Marion County, Indiana.  Marion County is located in the Southern District of Indiana; thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district in which the cause of action arose.

## V.  PLAINTIFF

15. Ms. DellaValle-Jones is a citizen of the United States and is currently a resident of Henry County in the State of Indiana.

16. At all times relevant to this complaint, Ms. DellaValle-Jones was a resident of Marion County in the State of Indiana.

17. Ms. DellaValle-Jones currently resides in Mount Summit, Indiana.

18. Ms. DellaValle-Jones is a person entitled to protection under the ADA because of her disability.

19. Ms. DellaValle-Jones is a person entitled to protection under Title VII because of her pregnancy and because she is female.

20. Ms. DellaValle-Jones is a person that was entitled to leave under the FMLA.

## VI. DEFENDANTS

21. Xerox Corporation is a New York corporation with its principal place of business in Fairfield County, Connecticut.

22. Defendant Lynne Malone is the Vice President of Delivery at Xerox, and she resided in Fairlawn, Ohio at all times relevant to this action.

23. At all times relevant to this action, Plaintiff worked for Xerox Corporation remotely from her prior home located in Marion County, Indiana.

24. At all times relevant to this action, Xerox employed Ms. DellaValle-Jones.

## VII. STATEMENT OF FACTS

**A. Ms. DellaValle-Jones is hired by Xerox Corporation.**

25. Ms. DellaValle-Jones began working for Xerox Corporation ("Xerox") on June 2, 2014 as an Account Operations Manager ("AOM").

26. Throughout her employment with Xerox, Ms. DellaValle-Jones' performance was satisfactory.

**B. Ms. DellaValle-Jones' Pregnancy.**

27. On January 4, 2018, Ms. DellaValle-Jones informed her immediate supervisor, Ms. Sally Muncy, that she was pregnant.

28. On March 26, 2018, Ms. DellaValle-Jones was informed by her doctors that she had to be moved to the high-risk pregnancy center due to complications with her pregnancy.

29. At this time, Ms. DellaValle-Jones again informed Ms. Muncy, who informed her supervisor, Ms. Lynn Malone, of Ms. DellaValle-Jones' high-risk pregnancy.

30. After a follow-up appointment with a specialist on April 16, 2018, additional medical issues with Ms. DellaValle-Jones' pregnancy were discovered.

31. Ms. DellaValle-Jones again notified Ms. Muncy of these additional medical issues, who in turn notified Ms. Malone.

32. On April 25, 2018, Ms. DellaValle-Jones' specialist informed her that to not further complicate her pregnancy, she would need to keep her stress and anxiety levels down, focus solely on the pregnancy, and keep her activity levels down.

33. On this same day, April 25, 2018, Ms. DellaValle-Jones' doctor further directed Ms. DellaValle-Jones to take leave from work. Ms. DellaValle-Jones informed Ms. Muncy that she needed to take short-term disability, and Ms. Muncy informed Ms. Malone.

**C. Ms. DellaValle-Jones was terminated.**

34. On April 30, 2018, Ms. DellaValle-Jones submitted a claim to Xerox for short-term disability for her high-risk pregnancy.

35. Ms. DellaValle-Jones' claim for short-term disability was a communicated by Ms. DellaValle-Jones to Xerox, which provided Xerox with sufficient notice of Ms. DellaValle-Jones' need to take leave for an FMLA-qualifying reason.

36. On May 1, 2018, the day after Ms. DellaValle-Jones submitted a claim for short-term disability, she received a phone call from Ms. Malone informing her that her employment with Xerox was terminated.

37. Ms. DellaValle-Jones was told that all remaining AOM positions were also being eliminated.

38. In fact, only one other AOM position besides the one Ms. DellaValle-Jones held was actually eliminated at that time.

39. The remaining employees who held AOM positions were simply given new job titles, but their job duties remained the same.

40. Ms. DellaValle-Jones was not allowed to apply for any other open positions at Xerox.

41. The termination of Ms. DellaValle-Jones' employment became effective after her short-term disability ended on September 30, 2018.

42. As a direct and proximate result of the foregoing conduct:

　　(a)　Ms. DellaValle-Jones incurred and continues to incur a substantial loss of past, present and future income;

　　(b)　Ms. DellaValle-Jones has suffered damage to her career;

　　(c)　Ms. DellaValle-Jones has suffered mental and physical anguish; and

　　(e)　Ms. DellaValle-Jones has incurred additional financial losses, including the costs associated with invoking her federally protected civil rights.

## VIII.　STATEMENT OF CLAIMS

### COUNT I
*Xerox Corporation*
(*Discrimination under the Americans with Disabilities Act*,
42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008.)

43. Ms. DellaValle-Jones incorporates the allegations of paragraphs 1 through 42 above and, in addition, states that Xerox's acts and omissions in this matter discriminated against her because of her disability, her record of disability, and/or being regarded as having a disability in violation of the ADA.

44. Xerox is engaged in an industry affecting commerce.

45. Xerox has employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

46. Xerox satisfies the definition of an "employer" within the meaning of Section 101 of the ADA, 42 U.S.C. § 12111(5)(a).

47. Ms. DellaValle-Jones at all times relevant herein had the requisite skill, experience, education and other job-related requirements of the position she held with Xerox.

48. Consequently, Ms. DellaValle-Jones is a qualified individual with a disability under 42 U.S.C. § 12111(8).

49. Ms. DellaValle-Jones is disabled within the meaning of the ADA; that is, she has a physical impairment, has a record of, and/or is regarded as having a physical impairment that substantially limits a major life activity. Specifically, Ms. DellaValle-Jones' high-risk pregnancy resulted in her need to take medical leave.

50. At all times relevant herein, Xerox was aware of Ms. DellaValle-Jones' pregnancy and high-risk pregnancy.

51. Ms. DellaValle-Jones requested accommodations from Xerox in writing when she applied for short-term disability leave.

52. Xerox intentionally discriminated against Ms. DellaValle-Jones because of her disability when it terminated her employment after she filed for short-term disability leave, even though this accommodation would not have imposed an undue hardship on Xerox.

53. Although Ms. DellaValle-Jones' request for short-term disability was eventually granted, her termination at the conclusion of her short-term disability was a discriminatory action taken against her because of her disability in violation of the ADA.

54. The reasons given for Ms. DellaValle-Jones' termination are a pretext for disability discrimination.

55. Other employees without disabilities were treated more favorably than Ms. DellaValle-Jones.

56. As a result of Xerox's discriminatory acts and omissions, Ms. DellaValle-Jones has suffered and will continue to suffer monetary damages and damages for mental anguish unless and until the Court grants relief.

## COUNT II
*Xerox Corporation*
(*Retaliation under the Americans with Disabilities Act,*
*42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008.*)

57. Ms. DellaValle-Jones incorporates the allegations of paragraphs 1 through 56 above and, in addition, states that Xerox's conduct in this matter constituted retaliation against Ms. DellaValle-Jones following her request for an accommodation under the ADA.

58. On April 30, 2018, Ms. DellaValle-Jones requested a reasonable accommodation from Xerox in the form of short-term disability leave because of her high-risk pregnancy.

59. The following day, May 1, 2018, Ms. DellaValle-Jones was told her employment with Xerox was terminated.

60. As a direct result of Ms. DellaValle-Jones' request for an accommodation under the ADA, Xerox terminated Ms. DellaValle-Jones' employment. These were adverse actions by Xerox.

## COUNT III
*Xerox Corporation*
(*Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et*
*seq., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 1981A.*)

61. Ms. DellaValle-Jones incorporates the allegations of paragraphs 1 through 60 above and, in addition, states that Xerox's acts and omissions in this matter discriminated against her because of her sex, which includes pregnancy, in violation of Title VII.

62. Ms. DellaValle-Jones is part of the federally protected class of females who are pregnant.

63. Ms. DellaValle-Jones was qualified for her position at Xerox.

64. Ms. DellaValle-Jones was meeting Xerox's reasonable employment expectations.

65. Ms. DellaValle-Jones was subjected to an adverse employment action, termination of her employment with Xerox.

66. Similarly situated employees outside of Ms. DellaValle-Jones' protected class were not subjected to the same adverse employment action when they engaged in the same conduct as Ms. DellaValle-Jones.

### COUNT IV
*Xerox Corporation*
*(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 1981A.)*

67. Ms. DellaValle-Jones incorporates the allegations of paragraphs 1 through 66 above and, in addition, states that Xerox's acts and omissions in this matter retaliated against her in violation of Title VII.

68. Ms. DellaValle-Jones engaged in protected activity including, but not limited to, applying for short-term disability because of her high-risk pregnancy.

69. Because Ms. DellaValle-Jones applied for short-term disability for her high-risk pregnancy, Xerox terminated her employment; this was an adverse action by Xerox.

70. Xerox retaliated against Ms. DellaValle-Jones for engaging in protected activity.

71. Because Ms. DellaValle-Jones requested the reasonable accommodation of short-term disability because of her high-risk pregnancy, Xerox unlawfully retaliated against Ms. DellaValle-Jones for engaging in protected activity by terminating her employment.

### COUNT V
*Xerox Corporation and Lynne Malone*
*(Interference With, Restraint And/Or Denial of Substantive FMLA Statutory Rights In Violation of 29 U.S.C. § 2612(a)(1); 29 U.S.C. § 2614(a); 29 U.S.C. § 2615)*

72. Ms. DellaValle-Jones incorporates the allegations of paragraphs 1 through 71 above and, in addition, states that Defendants' conduct in this matter violated the FMLA.

73. Xerox, as an employer, must abide by 29 U.S.C. § 2614(a)(1): "any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave – (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

74. Ms. DellaValle-Jones was entitled to be restored to her position or an equivalent position at Xerox after her return from medical leave.

75. On April 30, 2018, Ms. DellaValle-Jones filed a claim for short-term disability for her high-risk pregnancy.

76. This was a communication by Ms. DellaValle-Jones to Xerox of the need to take leave for an FMLA-qualifying reason.

77. Ms. DellaValle-Jones' FMLA leave and short-term disability leave ran concurrently and ended on September 30, 2018.

78. On September 30, 2018, Ms. DellaValle-Jones was terminated from her position at Xerox.

79. By the above-described intentional conduct, Xerox and Ms. Malone violated the FMLA by discriminating against Ms. DellaValle-Jones for exercising her FMLA rights and refusing to return her to her position or an equivalent position following her leave.

**COUNT VI**
*Xerox Corporation and Lynne Malone*
*(Retaliation For Exercising FMLA Statutory Rights*
*In Violation of 29 U.S.C. § 2612(a)(1); 29 U.S.C. § 2614 (a); 29 U.S.C. § 2615)*

80. Ms. DellaValle-Jones incorporates the allegations of paragraphs 1 through 71 above and, in addition, states that Defendants retaliated against Ms. DellaValle-Jones by terminating her for exercising her FMLA rights.

10

81. Xerox, as an employer, must abide by 29 CFR § 825.300(d)(1): "The employer is responsible in all circumstances for designating leave as FMLA-qualifying, and for giving notice of the designation to the employee as provided in this section."

82. On April 30, 2018, Ms. DellaValle-Jones filed a claim for short-term disability for her high-risk pregnancy.

83. This was a communication by Ms. DellaValle-Jones to Xerox of the need to take leave for an FMLA-qualifying reason.

84. On May 1, 2018, Xerox issued to Ms. DellaValle-Jones paperwork designating her leave as FMLA qualifying.

85. On that same day of May 1, 2018, Xerox also notified Ms. DellaValle-Jones that her employment was terminated.

86. Xerox eventually agreed to allow Ms. DellaValle-Jones to take FMLA and short-term disability and to allow her employment to terminate at the end of the leave.

87. At the end of Ms. DellaValle-Jones' five (5) month short-term disability leave, on September 30, 2018, her employment was officially terminated.

88. Xerox terminated Ms. DellaValle-Jones May 1, 2020 after she sought to and did exercise her FMLA rights. Xerox's decision to terminate Ms. DellaValle-Jones after she requested FMLA-qualifying leave interfered with and was in retaliation for her exercising her FMLA rights.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Courtneay A. DellaValle-Jones prays for a judgment in her favor against Defendants, and prays that the following relief be awarded:

(a) Grant a permanent injunction enjoining Xerox, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in

disability, gender or pregnancy discrimination; enjoining Xerox and Ms. Malone from interfering with FMLA-qualifying leave and retaliating for exercising FMLA rights; and prohibiting Defendants from violating any other employment practice and from engaging in retaliation.

(b) Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for disabled, female or pregnant individuals and those exercising FMLA rights, and which eradicate the effects of its past and present unlawful employment practices.

(c) Order Defendants to make whole Ms. DellaValle-Jones by providing appropriate back pay and front pay for actual damages with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to Ms. DellaValle-Jones' pecuniary losses.

(d) Order Defendants to make whole Ms. DellaValle-Jones by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

(e) Order Defendants to make whole Ms. DellaValle-Jones by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

(f) Order Defendants to pay Ms. DellaValle-Jones her special damages, in amounts to be determined at trial.

(g) Order Defendants to pay damages to Ms. DellaValle-Jones for any and all injuries to her career, in amounts to be determined at trial.

(h) Order Defendants to place Ms. DellaValle-Jones in an appropriate position, at an equal or improved salary as her former position at Xerox.

(i) Award Ms. DellaValle-Jones the costs of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper and equitable.

(j) Grant such further relief as the Court deems necessary and proper in the public interest.

## X. **RESERVATION OF RIGHTS**

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of federal and state law.

## XI. **JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Chad H. Holler*
Sandra L. Blevins, Atty. No. 19646-49
Chad H. Holler, Atty. No. 35253-49

*Attorneys for Plaintiff*
*Courtneay A. DellaValle-Jones*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the 11th day of August, 2020. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Chad H. Holler*
Chad H. Holler

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, IN 46204
Phone: (317) 687-2222
Fax: (317) 687-2221
Email: litigation@betzadvocates.com

14