UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COURTNEAY A. DELLAVALLE-JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00288-SEB-MJD |
| | ) | |
| XEROX CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SURRPELY**

On February 26, 2021, Plaintiff filed her Motion for Leave to File Surreply [Dkt. 67]. Southern District of Indiana Local Rule 56-1(d) governs the permissibility of surreply briefs in this district. It provides that "[a] party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." S.D. Ind. L.R. 56-1(d).

Here, Plaintiff contends that she is entitled to file a surreply because Defendants: (1) introduced new evidence, labeled Exhibit E (containing three additional pages from the deposition of Sally A. Muncy) and Exhibit F (containing one additional page from the deposition of Lynne M. Malone); and (2) introduced eighteen previously uncited cases in their Reply in support of their motion for summary judgment. Plaintiff claims that this new evidence and case law were used to advance the following new arguments not previously raised by Defendants:

> that Title VII and the ADA do not impose a duty to transfer an employee whose position is eliminated in a RIF, that Ms. DellaValle-Jones' argument

1

> about David Given [an alleged comparator] was "ridiculous"; that Xerox made no changes to its RIF list after January of 2018; that Ms. DellaValle-Jones was not the best qualified candidate for the position vacated by Ms. Joubert [a co-worker]; that the Court should make a credibility decision at the summary judgment stage about the intent of Ms. Malone [Plaintiff's supervisor]; and that Ms. DellaValle-Jones made conclusory arguments without citing to any legal authority.

Pl.'s Mem. at 2.

We turn first to address Plaintiff's claim that Defendants' reply cited new evidence. It appears undisputed that Defendants did cite in their reply brief four additional pages of deposition excerpts that had not previously been cited by either party. Defendants cited these deposition excerpts primarily to argue that the job duties required in the AOM position vacated by Plaintiff's co-worker, Ms. Joubert,[1] differed from the job duties required by Xerox's reconfigured SDM position into which Ms. Joubert's replacement was hired. We agree with Plaintiff that this constitutes "new evidence" in the reply. *See Celadon Trucking Servs. v. Sherwin-Williams Co.*, 2004 U.S. Dist. LEXIS 25836, at *4–*5 (S.D. Ind. July 22, 2004) (allowing a surreply where a party in reply relies on "evidence not previously cited" and considering "additional deposition designations" to be new evidence); *see also Rednour v. Wayne Twp.*, 51 F. Supp. 3d 799, 808 (S.D. Ind. 2014) (same). Plaintiff is therefore entitled to rebut Defendants' arguments citing Exhibits E and F, which Plaintiff has done in Section II.A.

With respect to the additional case law and new arguments that Plaintiff claims Defendants raised in their reply brief, upon review, we find that the majority of these

---

[1] Plaintiff claims in her response to Defendants' motion for summary judgment that Xerox should have offered to transfer her into the position vacated by Ms. Joubert.

2

arguments "were not 'new,' but rather were attempts to rebut Plaintiff's responses to their initial motion." *Rednour*, 51 F. Supp. 3d at 808–809. Because surreplies "must be limited to new evidence and objections," (S.D. Ind. L.R. 56-1(d)), the portions of Plaintiff's proposed surreply addressing these issues should therefore be stricken.

For these reasons, we <u>GRANT IN PART</u> and <u>DENY IN PART</u> Plaintiff's motion for leave to file surreply [Dkt. 67]. We will consider Part II.A. of the attached surreply, which is the portion relating to the new evidence designated by Defendants. The remaining portions are stricken and will not be considered in resolving Defendants' motion for summary judgment.

IT IS SO ORDERED.

Date: _____9/28/2021_____     _____
                                                      SARAH EVANS BARKER, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Distribution:

Nicole Seale Adler
THE KULLMAN FIRM
nsa@kullmanlaw.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Jessica M. Thomas
THE KULLMAN FIRM
jmt@kullmanlaw.com